UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TROY KELLY**, individually,

    Plaintiff,

v.                                                            CASE NO.:

**ATLANTIC FINISHING, LLC**, a Florida
Limited Liability Company And
**JOSHUA A. CARR**, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TROY KELLY ("Plaintiff"), on behalf of himself, by and through undersigned counsel, file this Complaint against Defendant, ATLANTIC FINISHING, LLC, a Florida Limited Liability Company, and JOSHUA A. CARR, an individual (collectively "Defendants"), and state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages and an additional equal amount as liquidated damages, declaratory relief, a judgment against Defendants as to liability, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of St. Johns County, Florida.

4. At all times material to this action, Defendant, Atlantic Finishing, LLC, was, and continues to be a Florida Limited Liability Company. Further at all times material hereto, Defendant, Atlantic Finishing, LLC, was, and continues to be, engaged in business throughout The United States as well as in Florida with a principle place of business at 13245 Atlantic Blvd., Suite 4-372, Jacksonville, Florida 32225 in Duval County, Florida.

5. At all times material to this action, Defendant, Joshua A. C arr, was an individual resident of the State of Florida, who owned and operated Defendant, Atlantic Finishing, LLC, and who regularly exercised the authority to (a) hire and fire employees of Defendant, Atlantic Finishing, LLC; (b) determine the work schedules for the employees of Defendant, Atlantic Finishing, LLC; and (c) control the finances and operations of Defendant, Atlantic Finishing, LLC.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

9. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

10. At all times material to this action, Defendant Atlantic Finishing, LLC, was, and continues to be an institution primarily engaged finishing

11. At all times material to this action, Defendant, Atlantic Finishing, LLC, was, and continues to be, an "enterprise engaged in commerce".

12. At all times material to this action, Defendants advertised on the internet,

processed credit cards from out of state patrons, communicated via mail, email, and telephone with their out of state patrons.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

15. At all times hereto, Plaintiff was engaged in interstate commerce and subject to the individual coverage of the FLSA.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. Plaintiff worked for Defendant as a glass installation technician from approximately March 2017 through May 2017.

18. Plaintiff's job duties included, but were not limited to, installing glass shower doors and glass for cabinet work.

19. Plaintiff was compensated a piece rate in exchange for work performed during his employment.

20. Plaintiff was a non-exempt employee for Defendants.

21. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22. From at least March 2017, and continuing through May 2017, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Rather, Defendants paid Plaintiff

3

only his regular rate for hours over forty. Put another way, Defendants paid "straight-time" for all hours that he worked in excess of forty in a workweek.

23. Plaintiff should be compensated at the rate of one and one-half times his regular rate for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §207 from at least March 2017 continuing through May 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

26. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Specifically, Defendants were aware of the fact that Plaintiff regularly worked in excess of forty hours in a given work week and only paid him for overtime hours at his regular rate of pay, with no overtime premium.

27. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. On June 6, 2017, Plaintiff, through counsel, sent a letter to Defendant's Registered Agent, stating Plaintiff believes he has a claim for unpaid overtime wages, and further

invited Defendant to send payroll records if it disputed the allegation.

29. Defendants', through counsel, sent the payroll records which conclusively show that Plaintiff regularly worked in excess of 40 hours per workweek.

30. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

31. The Supreme Court has recognized that the purpose of the FLSA's liquidated damages provision "is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being. Employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their well-being and efficiency until such sums are paid at a future date. The same policy which forbids waiver of the statutory minimum as necessary to the free flow of commerce requires that reparations to restore damage done by such failure to pay on time must be made to accomplish Congressional purposes. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945) (internal citations omitted).

32. The Eleventh Circuit, too, has held that under 29 U.S.C. § 626(b) of the FLSA, liquidated damages represent compensation for delay in payment of amounts owing. *Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094, 1102 (11th Cir. 1987).

33. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent

Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff re-alleges and re-avers paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. From at least March 2017 and continuing through May 2017. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

36. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

38. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

(a) a judgment entered in his favor and against Defendants for actual and liquidated damages;

(b) a declaration that Defendants' conduct violated the FLSA;

(d) costs, expenses and attorneys' fees; and

(e) any such other and further relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 15th day of April, 2019.

Respectfully submitted,

**/s/ PAUL M. BOTROS**

PAUL M. BOTROS, ESQ.
FL Bar No: 0063365
MORGAN & MORGAN
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954-318-0268/Fax: 954-327-3017
E-Mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*